IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                **Plaintiff,**<br><br>v.<br><br>**CRYSTAL LYNN JONES (01),**<br><br>                **Defendant.** | Case No. 14-40105-01-DDC |

### ORDER ON MOTION FOR RECONSIDERATION

On May 12 of this year, the court denied a motion by defendant, Crystal Lynn Jones, seeking release pending the outcome of her appeal. *See* Doc. 91. That Order explained the court's rationale for that ruling. *See id.* at 2-4. Undeterred, Ms. Jones has asked the court to revisit the same issues again in her motion for reconsideration. The next two sections take up that motion. They identify the legal standard that governs her request and then address Ms. Jones' various arguments. As they explain, nothing warrants a different result and the court thus denies Ms. Jones' motion for reconsideration.

### Legal Standard

Motions to reconsider rulings in criminal cases are rare. *See United States v. Carr*, No. 06-40147-02-SAC, 2007 WL 1989427, at *1 (D. Kan. June 20, 2007) (citation omitted). Thus, "courts in this district apply the standards for evaluating a motion to reconsider in the civil context" to such motions in criminal cases. *United States v. Lawson*, No. 08-20039-CM, 2008 WL 3850486, at *1 (D. Kan. Aug. 15, 2008) (first citing *Carr*, 2007 WL 1989427, at *1; then citing *United States v. Anderson*, Nos. 03-3009-JWL, 98-20030-01-JWL, 2003 WL 22436270, at *2 (D. Kan. Oct. 22, 2003)).

D. Kan. Rule 7.3(b) requires a party seeking reconsideration to support such a motion on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." A motion to reconsider is proper where the court "has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." *Comeau v. Rupp*, 810 F. Supp. 1172, 1175 (D. Kan. 1992). But "'revisiting the issues already addressed is not the purpose of a motion to reconsider, and advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed is likewise inappropriate.'" *Id.* (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.), *cert denied*, 506 U.S. 828 (1992) (additional internal quotation marks omitted)). The decision whether to grant a motion for reconsideration is committed to the court's discretion. *See United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (citing *United States v. Barajas-Chavez*, 358 F.3d 1263, 1266 (10th Cir. 2004)).

## Analysis

First, some clarifying is necessary. As noted in the court's original order on her release motion, Ms. Jones does not ask the court to release her from custody pending the outcome of her direct appeal—which is still pending before the Circuit. Instead, she asked the court to release her pending a decision on her motion under 28 U.S.C. § 2255 that is pending before this court. *See* Doc. 88 (explaining that her release motion's reference to "the appeal" means the pending § 2255 motion docketed as Doc. 81). With that clarified, the court turns to the substance of Ms. Jones' motion.

Ms. Jones makes three basic arguments: she was coerced into pleading guilty; the evidence of the loss inflicted by her embezzlement was insufficient; and she received ineffective

2

assistance of counsel. Her first theory—coercion—is refuted by Ms. Jones' announcement that she wanted to change her plea in a hearing on November 24, 2014. During that hearing, Ms. Jones pleaded guilty to theft by fraud after an extensive colloquy conducted under oath. The court asked Ms. Jones, explicitly, whether she had made the decision to plead guilty and also whether anyone else had made that decision for her. Ms. Jones testified that she made the decision to plead guilty and neither her attorney nor anyone else had made that decision for her. *See* Doc. 39 at 34-35. Ms. Jones' sworn statements refute the idea that anyone coerced her to plead guilty. Her contradictory statements now provide no reason to reconsider her release.

Next, Ms. Jones claims that evidence of the loss she inflicted by embezzlement was inadequate. At the sentencing hearing, the United States presented testimony that substantiated the loss amount found in the Presentence Investigation Report—$517,464. *See* Doc. 40 at 17-42. Ms. Jones' counsel cross-examined the government's loss witness and, in the end, this cross-examination convinced the court that the government had failed to carry its burden on some $35,000 worth of losses attributed to Ms. Jones' theft. But Ms. Jones never presented any evidence calling into question the remainder of the loss substantiated by the government's evidence. The court thus accredited the government's evidence and found that Ms. Jones' embezzlement had caused the victim to lose $482,260.[1]

---

[1] Also, the court was unpersuaded by Ms. Jones' argument that she had purchased enough lunches for other employees of her former employer—the victim of her crime—and other unspecified "supplies" to offset her embezzlement. Ms. Jones claimed she had purchased these alleged lunches and supplies on her personal credit card and so, she argued, it was proper for Ms. Jones to draw checks on her employer's checking account to pay her personal credit card bills. But Ms. Jones never came forward with any evidence to substantiate this proposition. The court found this failure significant because the credit card accounts were in Ms. Jones name, she controlled access to the account's records, and she had every incentive to marshal this evidence (if, in fact, it ever existed).

And to give Ms. Jones' theory some context, offsetting an embezzlement of $482,000 would require a mind-boggling number of lunch tabs. Assuming a daily lunch tab of $100—a high number for a business the size of the one victimized by Ms. Jones' embezzlement—Ms. Jones would have had to buy $100 worth of lunch every day for 13 years to approach the $482,000 that she embezzled. That is: $100 x 365 x 13 = $474,500.

Last, Ms. Jones' reconsideration motion asserts that her counsel provided ineffective assistance. Doc. 94 at 2. But it never says how. Generalized assertions like this fall well short of the considerable burden imposed on a motion for reconsideration. *See Comeau,* 810 F. Supp. at 1175.

In sum, Ms. Jones has failed to identify any intervening change in controlling law, any newly available evidence, or a need to correct clear error or prevent manifest injustice. The court thus denies defendant's Motion for Reconsideration (Doc. 94).

**IT IS SO ORDERED.**

**Dated this 1st day of September, 2016, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**