## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     **Plaintiff,**

v.

     Case No. 14-cr-40105-01-DDC

CRYSTAL LYNN JONES,

     **Defendant.**

### MEMORANDUM AND ORDER

Crystal Jones pleaded guilty to embezzlement under 18 U.S.C. § 2314 on November 24, 2014. Docs. 16, 18. She was convicted and, four months later, sentenced to 27 months in custody and three years of supervised release. Doc. 27 at 2–3, 5. Her sentence also ordered her to make restitution in the amount of $482,260. *Id.* Ms. Jones now asks the court to set aside her conviction because of several alleged constitutional violations occurring during plea bargaining and sentencing. Ms. Jones[1] filed a motion under 28 U.S.C. § 2255 asking the court to vacate, set aside, or correct her sentence ("§ 2255 Motion"). Doc. 81. In this Motion,[2] Ms. Jones asserts six claims for relief, which the court summarizes in the following abbreviated form:

1. Ineffective assistance of counsel;

2. Her guilty plea was not knowing and voluntary;

3. She did not knowingly and voluntarily waive her right to indictment;

---

[1] Because Ms. Jones proceeds pro se, the court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

[2] On April 20, 2016, Ms. Jones asked the court for leave to amend her § 2255 Motion. Doc. 87. The court granted her request on May 11, 2016. Doc. 90. The court thus considers Docs. 87, 87-1, and 87-2 as part of Ms. Jones's § 2255 Motion.

4. The government did not prove the elements of the crime charged, including intent and the loss amount;

5. Prosecutorial misconduct; and

6. The court allowed an improper victim statement at sentencing.

While waiting for the court to rule on her § 2255 Motion, Ms. Jones filed a Motion for Evidentiary Hearing asking the court to hold an evidentiary hearing on her § 2255 Motion. Doc. 106. The court considers both motions below.

Nearly a year before Ms. Jones filed her § 2255 Motion, she directly appealed her sentence to the Tenth Circuit ("direct appeal"). Preliminary Record on Appeal at 7, *United States v. Jones*, 15-3059 (10th Cir. Mar. 19, 2015), ECF No. 01019401981. In her direct appeal, Ms. Jones raised two issues: (1) whether the court used the wrong standard when determining the loss amount during Ms. Jones's sentencing; and (2) whether the court erred when it determined the amount of its restitution award. Appellant's Brief at 2, *United States v. Jones*, 15-3059 (10th Cir. Aug. 24, 2015), ECF No. 01019480408 [hereinafter Appellant's Brief]. The Tenth Circuit heard oral argument in Ms. Jones's appeal on March 10, 2016, but has not yet issued its opinion.

Ms. Jones thus has filed her § 2255 Motion before the Tenth Circuit has ruled on her direct appeal. So, the court must address a timing issue before it can proceed to the merits of Ms. Jones's motions. "Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993) (citations omitted). The court thus may proceed to the merits of Ms. Jones's motions only if her case presents extraordinary circumstances.

Extraordinary circumstances may exist where the government—not the defendant—filed the direct appeal or when there is a "complete dichotomy between the issues raised by the . . . direct appeal and those raised by . . . [the] § 2255 motion." *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006). Such circumstances also exist where "the [§ 2255] motion raises a substantial question about the integrity of the government's prosecution"—*i.e.*, questions of perjury. *United States v. Rangel*, 519 F.3d 1258, 1265 (10th Cir. 2008).

Ms. Jones does not argue that extraordinary circumstances exist here. Nor can the court discern any. Ms. Jones does not question the integrity of the government's prosecution; she only questions its sufficiency. Ms. Jones, not the government, filed the direct appeal in this case. And, the issues in Ms. Jones's § 2255 Motion and her direct appeal do overlap one another somewhat.

Ms. Jones's § 2255 Motion raises at least one issue that is pending before the Tenth Circuit in her direct appeal. In her § 2255 Motion, Ms. Jones contends that the government did not prove that all of the funds included in the total loss amount at sentencing resulted from her embezzlement. *See* Doc. 81-1 at 20 (arguing that the government failed to establish evidence "relating to the circumstances in which employees were authorized payments of their personal bills"); Doc. 87 at 7 ("The sentence imposed was directly related to and depend[e]nt upon the loss amount which was not reliably proven or calculated . . . ."). In her direct appeal, Ms. Jones contends that the court wrongly placed the burden on her to disprove the loss amount when it is "the prosecution [who must] show the claimed amounts were not authorized." Appellant's Brief at 23. In other words, Ms. Jones contends—on direct appeal—that the government did not prove the loss amount at sentencing because the court put the burden on Ms. Jones to disprove the loss amount. So, if Ms. Jones succeeds on her direct appeal, the court would hold a second

sentencing hearing where the government must prove that all of the funds included in the loss amount were in fact the result of embezzlement. Ms. Jones's § 2255 Motion and direct appeal thus overlap one another, which strongly counsels against hearing her § 2255 Motion now. *See, e.g.*, *United States v. Hunter*, 458 F. App'x 732, 734 (10th Cir. 2012) (finding a § 2255 motion premature because the motion raised the same issues as the defendant's direct appeal); *United States v. Garnica-Anita*, Nos. 06-20160-JWL, 11-02671-JWL, 2012 WL 662325, at *2 (D. Kan. Feb. 28, 2012) (dismissing § 2255 motion because "the claims presented in both the appeal and § 2255 petition significantly overlap" and so "[j]udicial resources would be wasted if both actions were allowed to proceed simultaneously"). Indeed, so long as Ms. Jones's direct appeal is pending before the Tenth Circuit, the court has no jurisdiction over issues about the sentencing procedure used in her case. *See Prows*, 448 F.3d at 1228 ("[A] notice of appeal generally divests a district court of jurisdiction over the issues on appeal . . . ." (citations omitted)).

The court thus finds it inappropriate to consider Ms. Jones's § 2255 Motion, and the related Motion for Evidentiary Hearing, at this time. In such situations, the court may deny the § 2255 motion without prejudice to refiling or stay the motion pending disposition of the direct appeal. *See Hunter*, 458 F. App'x at 733–34 (affirming district court's order dismissing § 2255 motion "without prejudice as premature"); *Prows*, 448 F.3d at 1229 ("To the extent that resolution of the government's direct appeal directly implicated issues contained in the § 2255 motion based upon ineffective assistance of counsel, a district court could exercise its discretion to stay the § 2255 motion." (citing *Rhines v. Weber*, 544 U.S. 269, 276 (2005))). The court concludes that the best course of action is to dismiss Ms. Jones's § 2255 Motion without prejudice. *See, e.g.*, *United States v. Williams*, Nos. 08-20141-JWL, 14-2128-JWL, 2014 WL 2115423, at *1 (D. Kan. May 21, 2014) (dismissing defendant's § 2255 motion without prejudice

because his direct appeal was pending before the Tenth Circuit); *United States v. Fish*, Nos. 03-cr-20137-01-KHV, 05-cv-3474-KHV, 2006 WL 626048, at *1 & n.1 (D. Kan. Jan. 5, 2006) (dismissing § 2255 motion without prejudice because the "defendant can re-file his motion after his direct appeal is concluded, [so] he is not prejudiced by the [c]ourt's decision to overrule his motion as opposed to deferring ruling until his appeal concludes" (citing *United States v. Bey*, 208 F.3d 227, 2000 WL 217059, at *2 (10th Cir. Feb. 21, 2000))).  Because the court dismisses Ms. Jones's § 2255 Motion, it denies her Motion for Evidentiary Hearing as moot.

**IT IS THEREFORE ORDERED THAT** Crystal Jones's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 81) is denied without prejudice.  Ms. Jones may refile her motion after her direct appeal concludes.

**IT IS FURTHER ORDERED THAT** Crystal Jones's Motion for Evidentiary Hearing on Petitioner's Habeas Corpus Motion Under 28 U.S.C. § 2255 (Doc. 106) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 10th day of February, 2017, at Topeka, Kansas.**


**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

5