**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**CRYSTAL LYNN JONES (01),**<br><br>        **Defendant.** | Case No. 14-40105-01-DDC |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Crystal Jones's motions. Ms. Jones has filed three motions: (1) "Motion for Accounting of Forfeiture and Restitution Orders; Motion to Vacate Forfeiture Order" (Doc. 122); (2) "Third Party Claim to Property under Order of Forfeiture" (Doc. 123); and (3) "Motion to Reopen or Vacate Order pursuant to Fed. R. Civ. Proc. 60(b)(1)" (Doc. 132). After reciting the background, the court will address each motion in turn. For the reasons explained below, the court denies Ms. Jones's motions.

**I.   Factual and Procedural Background**

On November 24, 2014, Ms. Jones pleaded guilty to violating 18 U.S.C. § 2314 for transporting, transmitting, and transferring more than $500,000 in stolen funds in interstate commerce. The charge resulted from an embezzlement scheme that Ms. Jones carried out between 2008 and 2013 while she was an office manager at Teel's Used Trucks in Hays, Kansas.

The U.S. Probation Office prepared a Presentence Investigation Report. In the PSR, the probation officer calculated Teel's loss as $517,464.91. Ms. Jones objected to this amount, claiming that some of the calculated loss included authorized payments. First, she asserted that some of the calculated loss included items she had purchased on her personal credit card for use

in Teel's business and she was entitled to reimbursement for those items. She thus argued that the amount of these purchases improperly were included with the loss calculation. Second, she alleged that her medical insurance payments were authorized and so, these amounts did not amount to a loss for Teel's.

On March 2, 2015, the court conducted a sentencing hearing. At that hearing, the government called Dana Snellings, Teel's office manager since 2014, who discovered the embezzlement. Ms. Snellings testified about the total calculated loss as well as Ms. Jones's objections. In response to Ms. Jones's first objection, Ms. Snellings testified that there were records of two reimbursements to Ms. Jones in 2007 for $135.26 and $50.00. In response to her second objection, Ms. Snellings testified that Ms. Jones had a verbal agreement with Teel's owners about the payment of insurance premiums, but that Ms. Jones had failed to pay the business back.

When the court ruled on Ms. Jones's objections, it sustained the objection for the entire amount of the insurance premiums and partially sustained the objection for the amount of the two reimbursements. The court deducted these amounts from the calculated loss and found that the total loss amount was $482,260.79. Accordingly, the court ordered Ms. Jones to pay $482,260.79 as restitution to Teel's.

Ms. Jones directly appealed her sentence to the Tenth Circuit. *United States v. Jones*, 680 F. App'x 649 (10th Cir. 2017). In her appeal, she raised two issues: "(1) the district court impermissibly shifted the burden of proof at the sentencing hearing, requiring her to disprove the amount of loss in the PSR rather than requiring the government to prove it; and (2) the court erred in including in the restitution award amounts embezzled outside the temporal scope of the charge to which she pleaded guilty." *Id*. at 650. On February 22, 2017, the Tenth Circuit

affirmed this court's restitution order. *Id*. at 659. Ninety days later, Ms. Jones's conviction became final because her time to file a petition for certiorari had expired. U.S. Sup. Ct. R. 13.1.

On March 4, 2016, while her direct appeal was pending with the Tenth Circuit, Ms. Jones filed a motion under 28 U.S.C. § 2255 to set aside her sentence based on three constitutional violations: (1) ineffective assistance of counsel, (2) insufficient evidence to prove criminal conduct and the crime charged, and (3) what she termed an unconstitutional guilty plea. Doc. 81 at 2. On February 10, 2017, the court denied her motion without prejudice. Doc. 131 at 5. The court reasoned, "Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." *Id.* at 2 (citation omitted). The court briefly analyzed the merits of Ms. Jones's motion and determined that none of them presented extraordinary circumstances—such as questioning the integrity of the government's prosecution. *Id.* at 3. So, the court denied her motion without prejudice, allowing her to refile her motion after her direct appeal concluded. *Id.* at 5.

On May 11, 2016, the court imposed a personal forfeiture money judgment against Ms. Jones for $484,260.79. On July 20, 2016, the court ordered the United States Marshal to seize a substitute asset of Ms. Jones's: a State of Kansas Learning Quest 529 Education Savings Program account, ending in #70-10 ("Learning Quest account"). The United States Marshal seized $9,691.30 from the account and those funds are in custody. Ms. Jones has responded to the government's seizure notice by filing her Motion for Third Party Claim to Property under Order of Forfeiture (Doc. 123). As of July 8, 2017, the government has collected $6,357.90 on the personal forfeiture money judgment. Doc. 138-1.

## II.     "Motion for Accounting of Forfeiture and Restitution Orders; Motion to Vacate Forfeiture Order" (Doc. 122)

With her first motion, Ms. Jones seeks to vacate the forfeiture order or, alternatively, stay the forfeiture order until her conviction becomes final. Doc. 122 at 2. She asserts that she is entitled to this relief based on her challenges to the restitution and loss amount in her direct appeal and her motion under § 2255. But, the court cannot grant her this relief.

Ms. Jones's means for attacking the forfeiture order is through a timely appeal. *See* Fed. R. Crim. P. 32.2(b)(4). "At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(4)(A). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (2) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1). But, the Federal Rules of Criminal Procedure do not provide a means for the court to revisit a final forfeiture order. *United States v. Alquza*, No. 3:11CR373-FDW, 2017 WL 4451146, at *4 (W.D.N.C. Sept. 21, 2017) (analyzing Fed. R. Crim. P. 32.2 and finding that it permits a defendant to attack a final forfeiture order by a timely appeal under Fed. R. App. P. 4).

Ms. Jones pursued this means of attack. She appealed the underlying restitution order. And, the Tenth Circuit affirmed this order on February 22, 2017. The forfeiture order now is final as it applies to Ms. Jones. Thus, this court cannot vacate the final forfeiture order.

Ms. Jones also seeks an accounting of the forfeiture and restitution orders. The government has provided the requested accounting as an attachment to its response (Doc. 138-1). Thus, this portion of Ms. Jones's motion is moot.

For these reasons, the court denies Ms. Jones's motion.

### III.     "Third Party Claim to Property Under Order of Forfeiture" (Doc. 123)

In her next motion, Ms. Jones asks for a hearing to determine the ownership of the Learning Quest account under 21 U.S.C. § 853(n)(6).  She asserts that the account is for the benefit of her minor children so it should not be subject to forfeiture.  To determine the ownership of the Learning Quest account, no hearing is required.

Forfeiture of unlawful proceeds is mandatory.  *United States v. McGinty*, 610 F.3d 1242, 1246 (10th Cir. 2010).  But, the forfeiture remedy is not confined just to unlawful proceeds.  The government may satisfy a forfeiture judgment by substituting any of the defendant's property.  *See United States v. Turner*, 460 F. App'x 346, 347 (5th Cir. 2012) (affirming the district court's forfeiture order that forfeited substitute currency not derived from the defendant's criminal offense).  To do so, the government must provide notice of the forfeiture to ensure that no third party has an interest in it.  *See* 21 U.S.C. § 853(n)(1).  It was a response to that notice that led Ms. Jones to bring her current motion.

Generally, a defendant lacks standing to "contest forfeiture on the grounds that the subject property is owned by a third party."  *United States v. Weidner*, No. 02-40140-01-JAR, 2004 WL 432251, at *5 (D. Kan. Mar. 4, 2004).  But here the court construes Ms. Jones's motion as a motion filed on behalf of her minor children, alleging they own the account.

Petitioners can succeed as the rightful owners of the forfeitable property if they show: "(1) they had an interest in the property at the time of the offense that is superior to the government's interest; or (2) they acquired the interest after the offense as a bona fide purchaser for value."  *United States v. Wittig*, 525 F. Supp. 2d 1281, 1287 (D. Kan. 2007); 21 U.S.C. § 853(n)(6).  If petitioners show by a preponderance of the evidence that they are the rightful owners, the court will amend the preliminary order of forfeiture.  *Id.*

Ms. Jones's children never allege that they are bona fide purchasers for value. So, the court must determine if they had an interest in the Learning Quest account when Ms. Jones committed the offense, making them the rightful owners. 21 U.S.C. § 853(n)(6)(A) ("[T]he petitioner[s have] a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner[s] rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section."). The court finds that they did not.

Ms. Jones's motion asserts that her children could not be owners so she owned the account. Doc. 123 at 2 ("As minors, the children were not legally able to be the 'owners' of the accounts set up through Learning Quest, therefore, Jones, as their legal guardian, had to 'own the account.'"). Indeed, the account's records identify Ms. Jones as the "account owner" of the account. Doc. 79-5 at 1. As such, Ms. Jones could change the beneficiary of the account at her discretion. Doc. 79-1 at 6. She could even have changed the beneficiary to herself. *Id.* The court finds that Ms. Jones was the owner of the Learning Quest account, not her children. Her children are not the rightful owners of the account and so the court denies Ms. Jones's motion for a hearing. It also declines to amend the forfeiture order forfeiting the Learning Quest Account.

## IV. "Motion to Reopen or Vacate Order Pursuant to Fed. R. Civ. Proc. 60(b)(1)" (Doc. 132).

With her third motion, Ms. Jones seeks relief from the court's order on February 10, 2017 (Doc. 131). This order denied without prejudice her motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence (Doc. 81). The court denied her motion without prejudice because her direct appeal was still pending and she had argued no extraordinary circumstances to that warrant going forward on her § 2255 motion while her direct appeal was still pending. Doc.

6

131 at 2–3.  Ms. Jones now argues that, indeed, she was questioning the integrity of the government's prosecution—presenting an extraordinary circumstance.  And in any event, she also argues that her direct appeal has concluded so the court should vacate its February 10, 2017 order.

The court denies this motion because, contrary to her current characterization, Ms. Jones's § 2255 motion never questioned the integrity of the government's prosecution.  In it, she identifies three grounds for the motion:  (1) ineffective assistance of counsel, (2) insufficient evidence to prove criminal conduct and crime charged, and (3) unconstitutional guilty plea.  Doc. 81 at 2.  None of these grounds—on their face or in their substance—questions the integrity of the government's prosecution.  The second ground challenges the sufficiency of the government's evidence, not its integrity.  The other two grounds make no allegations about the government's prosecution.

## V.     Conclusion

For the reasons discussed above, the court denies Ms. Jones's motions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's "Motion for Accounting of Forfeiture and Restitution Orders; Motion to Vacate Forfeiture Order" (Doc. 122) is denied.

**IT IS FURTHER ORDERED THAT** defendant's "Third Party Claim to Property Under Order of Forfeiture" (Doc. 123) is denied.

**IT IS FURTHER ORDERED THAT** defendant's "Motion to Reopen or Vacate Order Pursuant to Fed. R. Civ. Proc. 60(b)(1)" (Doc. 132) is denied.

**IT IS SO ORDERED.**

**Dated this 30th day of November, 2017, at Topeka, Kansas**

                                                                                    **s/ Daniel D. Crabtree**      
                                                                                    **Daniel D. Crabtree**
                                                                                    **United States District Judge**